IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JADE TIFFANY BUSONE,

                                        ORDER

          Plaintiff,

                                    12-cv-671-bbc

    v.

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
MICHELLE HAMILTON, MARY HOPKINS-BEST
and KATHLEEN DEERY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case brought under the Americans with Disabilities Act, the Rehabilitation Act and 42 U.S.C. § 1983, plaintiff Tiffany Busone alleges that the University of Wisconsin and three of its employees dismissed her from a graduate program for vocational rehabilitation because of a disability related to cerebral palsy and without providing her due process. In an order dated May 16, 2014, dkt. #97, I granted defendants' motion for summary judgment as it related to plaintiff's equal protection claim, denied the motion as it related to plaintiff's claims under the ADA and Rehabilitation Act and stayed a decision on the motion as it related to plaintiff's due process claim.

      At that time, my tentative conclusion was that the due process claim should be dismissed because plaintiff had not shown that she had a property interest in remaining in the program, which is one of the elements of her claim. Williams v. Wendler, 530 F.3d 584

1

(7th Cir. 2008). A property interest may be shown by "an agreement between [the plaintiff] and the school that [s]he would be dismissed only for good cause." Charleston v. Board of Trustees of University of Illinois at Chicago, 741 F.3d 769, 772-73 (7th Cir. 2013).

In this case, plaintiff says a property interest was created by a sentence in the student handbook, which states that "The Vocational Rehabilitation Program reserves the right to suspend or terminate a student's enrollment in the program at any time for academic, performance and/or behavior related reasons as determined by the faculty in the program." Dkt. #57-1. However, even assuming that a handbook could create a property interest under some circumstances, I questioned whether it did in this case in light of a disclaimer at the beginning of the handbook: "[T]he statements set forth in this Handbook are for information purposes only and should not be construed as the basis of a contract between the student and the institution." Dkt. #57-1 at 2.

In the employment context, similar disclaimers have defeated claims that a handbook creates a property interest or a contract right. Garcia v. Kankakee County Housing Authority, 279 F.3d 532, 535-36 (7th Cir. 2002) (handbook did not create property interest when it included the following language: "The following policies and procedures state current policy and are not themselves to be considered or interpreted as terms of an implied or express contract. The Authority reserves the right to amend, modify and/or revoke any of its policies, practices, procedures and standards summarized in this handbook."); Helland v. Kurtis A. Froedtert Memorial Lutheran Hospital, 229 Wis. 2d 751, 760, 601 N.W.2d 318, 323 (Ct. App. 1999) (handbook not contract when it included the following language: "This

Handbook is not intended to create, nor does it create, contract rights."). However, because defendants did not anticipate in their opening brief that plaintiff would rely on the handbook to show a property interest, they did not raise this argument until their reply brief. Accordingly, I gave plaintiff an opportunity to show cause why the disclaimer did not foreclose her due process claim. In addition, I reserved a ruling on defendants' other arguments about plaintiff's due process claim, including her arguments that she received all the process she was due, that defendants are entitled to qualified immunity on the due process claim and that dismissal of the due process claim requires dismissal of the individual defendants.

In an 18-page brief, dkt. #99, plaintiff makes a vigorous effort to save the claim, but it is ultimately unavailing. Having reviewed plaintiff's belief, I conclude that defendants are entitled to summary judgment on the due process claim.

First, plaintiff argues that the language used in the disclaimer is ambiguous. However, I do not see any relevant differences between the disclaimer in defendants' handbook and the disclaimers at issue in Helland and Garcia. In all three cases, the handbooks informed the recipient not to rely on the handbook as a source of substantive rights. Plaintiff focuses on the fact that the disclaimer in the handbook she received stated that the handbook "*should* not be construed" as a contract rather than "*shall* not be construed," but she fails to cite any authority suggesting that the difference is important.

Second, plaintiff says that Helland and Garcia are not instructive because they are employment cases and all employment contracts are assumed to be at-will. In contrast, she

says, she did not have "at will" relationship with defendants because she paid them tuition. However, this argument is a nonstarter because it rests on an assumption that plaintiff had a property interest in her education by virtue of her tuition payments, a proposition that the Court of Appeals for the Seventh Circuit has rejected. Williams, 530 F.3d at 589 ("The plaintiffs' problem in this case . . . is that they premise the [due process] claim entirely on the bald assertion that any student who is suspended from college has suffered a deprivation of constitutional property."). Rather, in Williams, the court stated that students at universities must make the same showing that an employee must make, which is that the defendant made a *specific* promise not to take adverse action against the plaintiff in the absence of certain conditions. Id. (giving example of promise "not to suspend [the student] unless he hazed another student"). Otherwise, "a student who flunked out would have a right to a trial-type hearing on whether his tests and papers were graded correctly and a student who was not admitted would have a right to a hearing on why he was not admitted." Id.

Finally, plaintiff says that, regardless of the meaning of the disclaimer, it is contradicted by other statements in the handbook and by actions the parties took after plaintiff received the handbook. In particular, plaintiff says that she signed a statement that she would "abide by" the procedures in the handbook, that university officials repeated this expectation verbally and in writing and that university officials relied on the handbook when taking various adverse actions against her. The problem with this evidence is that it is all about requirements imposed on plaintiff, not the university, so it cannot be used to show

that defendants made a particular promise to plaintiff not to dismiss her.

Plaintiff's view seems to be that, if *she* was required to comply with the handbook, the university should have to comply as well. However, that argument assumes that the defendants *needed* the handbook as authority for taking the actions that they did. Simply because defendants acted consistently with the handbook or even relied on it explicitly does not mean that they were bound by it. Even if I assume that the university's internal rules required it to comply with the handbook, that is irrelevant for the purposes of plaintiff's due process claim. If defendants did not have a handbook, nothing in the due process clause would have prohibited from taking particular actions against plaintiff. Thus, it cannot be inferred that defendants somehow "voided" or "rescinded" the disclaimer in the handbook by imposing requirements on plaintiff that were consistent with the handbook.

Even if all of this wrong, plaintiff's argument about the handbook's being ambiguous is self-defeating. One of defendants' alternative arguments in their summary motion was that they are entitled to qualified immunity, which applies when the law is not clearly established that the defendants violated the plaintiff's constitutional rights. Stanton v. Sims, 134 S. Ct. 3, 4-5 (2013). To the extent the handbook is unclear about the scope of plaintiff's rights or the law regarding the effect of disclaimers in the education context is unsettled, this simply proves that any potential constitutional violation is not clearly established.

Qualified immunity does not apply to injunctive relief, Volkman v. Ryker, 736 F.3d 1084, 1091 (7th Cir. 2013), but plaintiff has not asked for any injunctive relief relevant to

her due process claim.  Although she requests reinstatement to the program as a remedy in her complaint, dkt. #16, plaintiff would not be entitled to automatic reinstatement for a due process violation.  Rather, she would be entitled to additional process to allow defendants to make a new determination.  Carey v. Piphus, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."); Dargis v. Sheahan, 526 F.3d 981, 989-90 (7th Cir. 2008) (upholding district court's decision to order new hearing as remedy for due process violation in public employment context).  Because plaintiff did not request any additional process, either in her complaint or her summary judgment brief, she has forfeited that potential remedy.

Finally, even if I assume that it is clearly established that plaintiff had a property interest in remaining in the graduation program, I conclude that plaintiff received all the process she was due.  It is undisputed that defendants gave plaintiff notice of their concerns about communication skills and that she had an opportunity, both verbally and in writing, to challenge defendants' perception.  Plt.'s Resp. to Dfts.' PFOF ¶¶ 106-7, 128, 132, 134, dkt. #90.  Although plaintiff devotes many pages of her brief to her due process claim, she does not cite any authority for the view that the amount or type of process that she received was insufficient.  Instead, she attacks the *substance* of defendants' decision, arguing that they were wrong to conclude that her communication skills were inadequate and could not be reasonably accommodated.

Plaintiff cites case law stating that the due process claim requires an academic

6

dismissal to be "careful and deliberate," but she misreads this language as permitting her to engage in a point-by-point critique of defendants' reasoning for their decision. The language she cites comes from Board of Curators of University of Missouri v. Horowitz, 435 U.S. 78, 84-85 (1978), in which the Supreme Court made a distinction between disciplinary and academic dismissals. With respect to disciplinary dismissals, a "student [must] be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." Goss v. Lopez, 419 U.S. 565, 581 (1975). With respect to academic dismissals, there are "far less stringent procedural requirements" because "[s]uch a judgment is by its nature more subjective and evaluative" and "requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." Horowitz, 435 U.S. at 86. Therefore, it would be a mistake to interpret Horowitz as allowing the type of second-guessing that plaintiff is asking the court to do. Rather, defendants met any obligation they had by informing plaintiff of their concerns and giving her an opportunity to rebut them. Fenje v. Feld, 398 F.3d 620, 626-27 (7th Cir. 2005) (defendants met "careful and deliberate" requirement because plaintiff "was fully informed of [their] concerns and provided an opportunity to give his side of the story in an effort to dissuade [defendants] from dismissing him from the program").

For all of these reasons, I am granting defendants' motion for summary judgment as to plaintiff's due process claim. Because plaintiff does not deny defendants' contention that plaintiff did not raise any other claims against defendants Michelle Hamilton, Kathleen

7

Deery and Mary Hopkins-Best, I am dismissing them from the case.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Board of Regents of the University of Wisconsin System, Michelle Hamilton, Mary Hopkins-Best and Kathleen Deery, dkt. #56, is GRANTED with respect to plaintiff Jade Tiffany Busone's due process claim. The complaint is DISMISSED in its entirety as to defendants Hamilton, Hopkins-Best and Deery.

Entered this 4th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge